25 F.3d 1041
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Franklin C. BROADWELL, Defendant-Appellant.
 No. 93-6857.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 17, 1994.
Decided June 2, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CR-92-129-1-5-BR)
 Edwin C. Walker, Asst. Public Defender, Raleigh, NC, for appellant.
 Janice McKenzie Cole, U.S. Atty., Robert D. Potter, Jr., Asst. U.S. Atty., Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Franklin C. Broadwell appeals from the district court's order denying his Fed.R.Crim.P. 35(b) motion to reduce his sentence after pleading guilty to bankruptcy fraud in violation of 18 U.S.C.A. Sec. 152 (West Supp.1994).[1] Finding that the district court did not abuse its discretion in denying Broadwell's motion for a reduction in the amount of restitution, we affirm.
 
 
 2
 * As part of his plea agreement, Broadwell agreed "to make restitution to any victim in whatever amount the Court may order, pursuant to 18 U.S.C.A. Sec. 3663 [West 1985 & Supp.1994]."[2] At his sentencing hearing, Broadwell objected to the amount of restitution proposed in the presentence report, arguing that the amount--$61,216--should be reduced by certain business expenses. In support of this, Broadwell presented a diagram which demonstrated that $13,895 was transferred from one of his companies--DOT Systems, Inc.,--to the payroll account of another one of his companies--Panda Lawn, Inc.,--and that $4616.94 was used to pay a debt on a company truck. However, Broadwell failed to present any receipts or other evidence to support the allegation that he incurred $18,511.94 of business expenses.
 
 
 3
 Finding that the figure in the presentence report accurately represented the amount of loss suffered by the bankruptcy trustee and the creditors as a result of Broadwell's fraud, the district court ordered him to pay $61,216 in restitution.
 
 
 4
 Broadwell did not appeal. Instead, he filed a former Rule 35(b) motion for reduction of sentence. The district court denied the motion. Broadwell timely appeals.
 
 II
 
 5
 We find that the district court did not clearly err in denying Broadwell's motion for a reduction of sentence. See United States v. Guglielmi, 929 F.2d 1001, 1004 (4th Cir.1991). Broadwell failed to present any receipts or other evidence to support his allegation that he incurred $18,511.94 of business expenses which should be deducted from $61,216. In fact, Broadwell admitted that he could not "point to your honor any specific documents that say what these funds were spent for."
 
 
 6
 Accordingly, the district court did not clearly err in finding that the figure in the presentence report accurately represented the amount of loss suffered by the bankruptcy trustee and the creditors as a result Broadwell's fraud. We affirm the district court's denial of Broadwell's Rule 35(b) motion, and we dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Because Broadwell does not challenge his conviction, recital of the underlying facts is unnecessary
 
 
 [2]
 Because the indictment charged Broadwell with acts occurring "[o]n or about February 5, 1987," the sentencing guidelines do not apply. Accordingly, the proper basis for restitution isSec. 3663